UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SADIN TINEO,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

19-CV-09575 (LTS)

05-CR-00020-4 (LTS)

---

MEMORANDUM ORDER

      Petitioner Sadin Tineo ("Petitioner" or "Tineo") brings, pro se, this motion, pursuant to 28 U.S.C. section 2255, to vacate, set aside, or correct his sentence. He does so following his plea of guilty to, inter alia, two counts of use and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(i) ("Count 6" and "Count 7"), for which he was sentenced, on July 26, 2011, principally to five years and two months already served and five years post-release supervision. (See docket entry no. 200 (the "Judgment").[1]) Petitioner seeks vacatur of his plea to these two charges and, to the Court's best understanding, credit towards time being served at the time of filing in respect of a revocation of Petitioner's post-release supervision in this case and custodial time imposed upon a conviction in a separate criminal case. (Docket entry no. 232 (the "Petition") at 4; see also case no. 19-CV-09575-LTS, docket entry no. 8 (the "Reply") at 6).

      The Court has reviewed the parties' submissions in connection with Petitioner's section 2255 motion carefully, construing Petitioner's arguments liberally to raise the strongest

---

[1]     Unless otherwise noted, all citations are to the criminal case docket, No. 05-CR-0020-4-LTS.

arguments that they suggest. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). For the following reasons, Petitioner's motion is denied in its entirety.

BACKGROUND

Petitioner was convicted, upon a plea of guilty, of one count of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. section 1951 ("Count 1"); four counts of Hobbs Act Robbery, in violation of 18 U.S.C. sections 1951 and 1952 ("Count 2," "Count 3," "Count 4," and "Count 5"); two counts of use and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(i); one count of conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. section 846 ("Count 8"); and one count of illegal reentry of a deported alien, in violation of 8 U.S.C. sections 1326(a) and (b)(2) ("Count 9"), and, on July 26, 2011, was sentenced to five years and two months of custody already served, as well as three years of post-release supervision on Counts 1-5 and Count 9, and five years of post-release supervision on Counts 6-8, to run concurrently. (Judgment at 1-2.) For Counts 6 and 7, the underlying crimes of violence, or predicate offenses, were the Hobbs Act robberies charged in Counts 2 and 3, respectively. (See docket entry no. 33 (the "Superseding Information") at 3-4.)

On March 20, 2018, following a plea of guilty to two violations of the conditions of his supervised release, Petitioner was sentenced to two terms of incarceration, of five months and of thirty months, to run concurrently with each other and with the sentence imposed in the separate criminal case that arose from the conduct underlying the specifications of violation.[2]

---

[2]  The actions underlying Petitioner's violation of post-release supervision were the basis of his prosecution in another case, U.S. v. Tineo et al., No. 16-CR-00262-JGK (S.D.N.Y.). In that case, Petitioner pled guilty to substantive Hobbs Act robbery and, on November 8,

(See docket entry no. 229 (the "Revocation of Post-Release Supervision").) At time of the filing of the instant section 2255 motion, Petitioner was still serving his thirty-month sentence for violation of the terms of his post-release supervision in the above-captioned criminal case.

In his Petition, Petitioner claims that his guilty plea to Counts 6 and 7 of the Superseding Information must be vacated because, he believes, they were predicated on offenses that no longer qualify as crimes of violence in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319, 2324 (2019). (Petition at 4.) Although his request for sentencing-related relief is not entirely clear, it appears that Petitioner requests that the five years and two months served on these (and other) offenses to which he pled guilty in the above-captioned case be credited towards both the thirty-month sentence imposed for violating the terms of his post-release supervision in this case and towards the 103-month sentence imposed by Judge Koeltl in case no. 16-CR-00262-JGK. (Petition at 4; Reply at 6.)

## DISCUSSION

18 U.S.C. section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," a federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (Westlaw through P.L. 117-57). As written, this statute defines the term "crime of violence" in two subsections, section 924(c)(3)(A) (known colloquially as the "elements clause"), and section 924(c)(3)(B) (known as the "residual" or "use-of-force" clause). Subsection (3) reads in its entirety as follows:

---

2017, was sentenced to 103 months of imprisonment. (See case no. 16-CR-00262-JGK, docket entry no. 96.)

> For the purposes of this subsection, the term "crime of violence" means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (Westlaw through P.L. 117-57).

In United States v. Davis, the Supreme Court invalidated the residual clause as unconstitutionally vague. 139 S. Ct. at 2324. This decision narrowed the range of crimes that can be considered "crimes of violence" to those meeting the terms of the elements clause, resulting, in many cases, in vacatur of convictions for using a firearm in connection with crimes that only met the residual clause definition. See, e.g., United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019) (vacating, upon remand by the Supreme Court for further consideration in light of United States v. Davis, defendant's conviction for use of a firearm in connection with conspiracy to commit Hobbs Act Robbery, which fit only the residual clause definition). However, by leaving the elements clause undisturbed, Davis did not mandate vacatur of section 924(c) convictions that are predicated on crimes of violence as defined under that clause. See Barrett, 937 F.3d at 128 (refusing to vacate same defendant's convictions for use of a firearm in connection with substantive Hobbs Act robbery, "which can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in Davis"). The Second Circuit has repeatedly held that substantive Hobbs Act robbery is a crime of violence under the elements clause, and that convictions under section 924(c) for use of a firearm in connection with substantive Hobbs Act robbery are therefore constitutional under Davis. See id.; see also United States v. Hill, 890 F.3d 51, 53 (2d Cir. 2018).

In his Petition, Petitioner claims that Counts 6 and 7 of his original conviction must be vacated in light of the Supreme Court's decision in United States v. Davis because the

predicate crime of violence upon which they are based is conspiracy to commit Hobbs Act robbery.  (Petition at 4.)  However, Petitioner's claim misidentifies the predicate crime for Counts 6 and 7 as set forth in the Superseding Information to which Petitioner pleaded guilty and, therefore, the claim must fail.

        Petitioner claims that the predicate offense underlying both Count 6 and Count 7 was conspiracy to commit Hobbs Act robbery, asserting that "Movant's 924(c) [c]ounts are based on Conspiracy to Commit Hobbs Act Rob[b]ery."  (Reply at 3.)  However, this claim is contrary to the court record.  The Superseding Information to which Petitioner pled guilty makes clear that the predicate offense for Count 6 is Count 2, which charges substantive Hobbs Act robbery, identifying property actually stolen.  Under the heading "Count Six," the Superseding Information charges that "TINEO possessed, used, and carried a firearm during the robbery charged in Count Two herein."  (Superseding Information ¶ 3.)  The Superseding Information similarly makes clear that the predicate offense for Count 7 is Count 3, which also charged substantive Hobbs Act robbery and identifies property actually stolen.  Under the heading "Count Seven," the Superseding Information charges that "TINEO possessed, used, and carried a firearm during the robbery charged in Count Three herein."  (Superseding Information ¶ 4.)  The Judgment, consistent with the Superseding Information, identifies Counts 2 and 3 as charges of Hobbs Act robbery, rather than conspiracy to commit the same.  (Judgment at 1.)

        Petitioner's convictions under section 924(c) were therefore predicated upon offenses that remain crimes of violence post-<u>Davis</u>, and Petitioner's convictions and sentences in connection with the section 924(c) counts were based on proper legal predicates.[3]  As a result,

---

[3]    <u>Brown v United States</u>, 942 F.3d 1059 (11th Cir 2019), which Petitioner cites in his Reply submission, is not inconsistent with this conclusion.  The Petitioner in <u>Brown</u> pleaded guilty to a robbery conspiracy count in connection with a section 924(c) count and an

Petitioner is not entitled to relief under 28 U.S.C. section 2255. "[C]ollateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, lack of jurisdiction, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). Here, because Petitioner's section 924(c) convictions were predicated on convictions for substantive Hobbs Act robbery, no constitutional error has occurred. Petitioner makes no argument that the sentencing court lacked jurisdiction over him, or that any other error of law or fact took place. Because none of the elements warranting relief under section 2255 are met, Mr. Tineo's motion fails on the merits.[4]

## Conclusion

For the foregoing reasons, Petitioner's motion brought pursuant to 28 U.S.C. section 2255 is denied in its entirety.

Petitioner may not appeal this Memorandum Order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 117-57). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. §2253(c)(2) (Westlaw through P.L. 117-57); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a

---

accompanying narcotics count was dismissed, leaving no proper predicate, post-Davis, for the section 924(c) count. Here, by contrast, Petitioner pleaded guilty to section 924(c) counts that were predicated upon substantive Hobbs Act robbery counts (counts two and three), rather than the conspiracy count (count one) of the charging instrument.

[4] In its opposition, the Government argues that Petitioner's claims are procedurally defaulted. (See docket entry no. 237 at 4.) Because Petitioner is not entitled to relief in any case, the Court does not address those arguments.

certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden and declines to issue a certificate of appealability.  Furthermore, the Court certifies pursuant to 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This Memorandum Order resolves docket entry no. 1 in case no. 19-CV-09575.  The Clerk of Court is respectfully directed to enter judgment accordingly and close case no. 19-CV-09575.

Chambers will mail a copy of this Memorandum Order to Mr. Tineo.

SO ORDERED.

Dated: New York, New York
December 13, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States Chief District Judge

Copy mailed to:
Sadin Tineo
#50451-066
Federal Correctional Institution
PO Box 420
Canton, NJ 08320